# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

NASH N. TUTEN,                    )
                                 )
    Plaintiff,              )
                                 )
v.                               )          CV422-090
                                 )
CPT SEANZ, *et al.*,             )
                                 )
    Defendants.             )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Nash N. Tuten has filed this 42 U.S.C. § 1983 action alleging constitutional violations during his arrest. *See generally* doc. 1. The Court granted his request to proceed *in forma pauperis*. Doc. 3. He has returned the required forms. *See* docs. 5 & 6. Accordingly, the Court proceeds to screen his Complaint. *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (discussing a Rule 12(b)(6) dismissal). As Tuten is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Before considering Tuten's substantive allegations, his Complaint includes a list of "additional defendants." *See* doc. 1 at 4, 8. That list includes an "Officer Skaff, Officer Taylor, . . . Det. Justine Gause, Officer Belfione Dustin," the City of Savannah, the Savannah Metro Police Department the State of Georgia, a public defender, and the Chatham County District Attorney. *Id.* Tuten fails to state a claim against any of those "additional defendants."

Tuten's Complaint is completely devoid of any substantive allegation against any of the "additional defendants." *See* doc. 1 at 5. The United States Supreme Court has explained that, although the pleading standard under the Federal Rules of Civil Procedure, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted). The

Court emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Characterizations of a defendant's conduct as unlawful are " 'legal conclusion[s]' and, as such, . . . not entitled to the assumption of truth." *Id.* at 680 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The lack of any factual allegations against the "additional defendants" is fatal to any claim that Tuten intended to assert against them.

Moreover, any claim against the State of Georgia is barred by the Eleventh Amendment. *See, e.g., Stevens v.* Gay, 864 F.2d 113, 114 (11th Cir. 1989). Even if it were not immune, states are not "persons" subject to suit under § 1983. *See, e.g., Will v. Mich. Dept. of State* Police, 491 U.S. 58, 71 (1989). The Savannah Metro Police Department is not a legal entity subject to suit. *See, e.g., Nicholson v. Harrel*, 2019 WL 1782138, at *1 (S.D. Ga. Mar. 18, 2019) (Savannah Police Department is not an entity subject to suit) (citing, *inter alia.*, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)). District attorneys generally enjoy "absolute immunity" for the initiation and pursuit of a criminal prosecution. *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013). Finally, public defenders, even when appointed by a state court, do not act "under

3

color of state law," for purposes of § 1983.  *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *see also Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).  Even if Tuten included factual allegations against those individuals and entities, therefore, his claims would fail.

Finally, to the extent that Tuten includes any allegations implicating the City of Savannah, they are limited to its employment of the alleged tortfeasor officers.  *See id.* at 8.  Even where a municipality can be subject to suit under § 1983, such claims cannot be based solely on *respondeat superior* theories of liability.  *See, e.g., Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").  To the extent that he intended to assert a claim against the City of Savannah, solely as the named defendant's employer, that claim fails.

Accordingly, Tuten has failed to state a claim upon which relief may be granted against Officer Skafff, Officer Taylor, Det. Gause, Officer

Dustin, the City of Savannah, the Savannah Metro Police Department, the State of Georgia, the Chatham County District Attorney, or the named public defender.  To the extent that Tuten intended to assert a claim against those defendants any such claim is  is subject to dismissal. 28 U.S.C. § 1915A(b).  Those defendants should, therefore, be **DISMISSED**.

The factual allegations in Tuten's Complaint concern the events that, apparently, led to his arrest.  He alleges that defendants Geisler and Seanz responded to a 911 call in Savannah, Georgia.  Doc. 1 at 5; *see also id.* at 9.  The discovered a "Hispanic male brandishing a firearm . . . ."  *Id.* at 5.  After questioning that individual, officers "made a decision with no evidence . . . and released the suspect . . . ."  *Id.*  He alleges that the decision to release the suspect was "racial indifference between the Black [r]ace and Hispanic race violating [Tuten's] 14th Amendment 4th Amendment Rights."  *Id.*  An attached police report indicates that the suspect implicated Tuten in alleged vandalism, leading to his arrest.  *See id.* at 12-13.  Tuten does not, however, allege that *his* arrest was improper, only that officers' failure to arrest the Hispanic suspect was. *See id.* at 5.

5

The claim that officers' decision not to arrest the gun-wielding Hispanic male violated Tuten's constitutional rights is frivolous. "In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Even the victim of a crime has no legally enforceable interest in the prosecution of the perpetrator. *See, e.g., Butler v. Forest Grove Police Dept.*, 2017 WL 57129, at *3 (D. Or. Jan. 4, 2017) (finding plaintiff failed to state a claim upon which relief could be granted based on allegations that law enforcement officers "violated her rights by failing to arrest the persons who allegedly assaulted, stalked, harassed and stole from Plaintiff and who vandalized Plaintiff's property."). As the Supreme Court has explained, "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor 'substantive' manifestations." *Town of Castle Rock, Colo. v. Gonzalez*, 545 U.S. 748, 768 (2005).

To the extent that Tuten's claim is comprehensible at all, he objects to the fact that officers chose to abandon any charge against the Hispanic male and proceeded to pursue and arrest Tuten instead. Whatever claim

Tuten may have concerning his own arrest, he has no cognizable legal interest, and thus no possible claim, arising from their decision not to arrest the Hispanic male.  Since that is the only claim asserted in his Complaint, it should be **DISMISSED** as frivolous or for failure to state a claim upon which relief may be granted.[1]  *See* 28 U.S.C. § 1915A(b)(1).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

[1]  Though a *pro se* plaintiff normally should be given an opportunity to amend a pleading at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014), "a district court need not allow amendment if the amended complaint would still be subject to dismissal," *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Tuten's claims arising from the officers' decision not to arrest the Hispanic male do not appear amendable.  Nevertheless, Tuten is free to submit an amended complaint within the fourteen-day objections period, discussed below, if he believes he can address the defects in his pleading.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Finally, it is time for plaintiff to pay his filing fee. Based on the financial information available, it appears that Tuten has no funds available. *See* doc. 6. He, therefore, does not owe any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in

this case to his new custodian.  The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order.  The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO ORDERED AND REPORTED AND RECOMMEDED,** this 28th day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA