IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| NASH N. TUTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV422-090 |
| | ) | |
| CPT. SEANZ; OFFICER GEISLER; | ) | |
| CITY OF SAVANNAH SPD; OFFICER | ) | |
| SKAEE; OFFICER TAYLOR; OFFICER | ) | |
| GELS; DET. JUSTINE GAUSE; | ) | |
| OFFICER DUSTIN BELFIONE; STATE | ) | |
| OF GEORGIA, City of Savannah; | ) | |
| PUBLIC DEFENDERS; and KAITLYN | ) | |
| BECK; | ) | |
| | ) | |
| Defendants. | ) | |

# O R D E R

Before the Court is the Magistrate Judge's June 28, 2022, Report and Recommendation (Doc. 8), to which Plaintiff has filed objections (Doc. 9). After a careful review of the record,[1] the report and recommendation (Doc. 8) is **ADOPTED** as the Court's opinion in this case. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.**

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

The Magistrate Judge recommended that Plaintiff's claims against the State of Georgia, the City of Savannah, the Savannah Police Department, Officer Skaff, Officer Taylor, Detective Justine Gause, Officer Dustin Belfione, District Attorney Kaitlyn Beck, and a public defender be dismissed for failure to state a claim against these defendants and because they are entitled to various immunities.[2] (Doc. 8 at 2-5.) The Magistrate Judge also recommended that Plaintiff's claims against Defendants Seanz and Geisler be dismissed as frivolous because he had no cognizable legal interest arising from these Defendants' decision to arrest Plaintiff and against arresting the third party. (Id. at 5-7.)

In Plaintiff's objection, he takes issue with the Savannah Police Department's "intentional negligence" and the officers' "reckless" decision to investigate the circumstances outside of those reported in the 911 call and against investigating alleged criminality by the third party. (Doc. 9 at 1, 2-4.) Although not entirely clear, Plaintiff also seems to allege at times that the officers lacked probable cause to arrest him. (Id. at 3, 4.)

---

[2] The Magistrate Judge did not address Plaintiff's claims against "Officer Gels," which is understandable given Plaintiff's handwritten motion is difficult to decipher at times. (Doc. 1 at 4.) Plaintiff's complaint is similarly devoid of allegations against Officer Gels, and for the reasons explained in the Magistrate Judge's report and recommendation, the claims against this defendant are **DISMISSED** as well. (Doc. 8 at 2-5.)

As the Magistrate Judge summarized, Plaintiff's complaint is one of many that he filed "which raise seemingly identical claims against the same defendants[]" concerning the events related to his arrest. Tuten v. City of Savannah, CV422-151, Doc. 3 at 2 n.1 (S.D. Ga. July 18, 2022). Plaintiff identifies no defect in the Magistrate Judge's analysis concerning his right to pursue a claim because the police did not arrest a third party. Additionally, to the extent Plaintiff is now attempting to raise a claim that police lacked probable cause to arrest him, the Court is not required to consider arguments raised for the first time in a party's objections to a magistrate judge's report and recommendation. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009).[3] Plaintiff's objections (Doc. 9) are, therefore, **OVERRULED**, and Plaintiff's complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this _22ND_ day of November 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court also notes that in previous complaints filed by Plaintiff, the Magistrate Judge considered whether Plaintiff was arrested without probable cause. Tuten v. Officer Dustin Belfiore, CV422-096, Doc. 15 at 10 (S.D. Ga. July 7, 2022). The Magistrate Judge concluded that officers had probable cause to arrest Plaintiff and, alternatively, that he had failed to adequately allege that officers lacked probable cause to arrest him. (Id. at 14-15.)